| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>BANK MUTUAL CORPORATION, MICHAEL T. CROWLEY, JR., DAVID C. BOERKE, RICHARD A. BROWN, THOMAS H. BUESTRIN, MARK C. HERR, LISA A. MAUER, WILLIAM J. MIELKE, ROBERT B. OLSON, MICHAEL I. SHAFIR, DAVID A. BAUMGARTEN, and ASSOCIATED BANC-CORP,<br><br>                Defendants. | Case No. 17-CV-1209<br><br>JURY TRIAL DEMANDED<br><br><u>CLASS ACTION</u> |

**<u>COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934</u>**

Plaintiff, by his undersigned attorneys, for his complaint against defendants, alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1. This action stems from a proposed transaction announced on July 20, 2017 (the "Proposed Transaction"), pursuant to which Bank Mutual Corporation ("Bank Mutual" or the "Company") will be acquired by Associated Banc-Corp. ("Associated").

2. On July 20, 2017, Bank Mutual's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Associated. Pursuant to the terms of the Merger Agreement, Bank Mutual's stockholders will receive 0.422 shares of Associated common stock for each share of Bank Mutual common stock.

1

3. On August 21, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff, Paul Parshall, is, and has been continuously throughout all times relevant hereto, the owner of Bank Mutual common stock; he resides at 2031 Imperial Golf Course Blvd, Naples, Florida 34110. See Certification of Plaintiff attached hereto.

9. Defendant Bank Mutual is a Wisconsin corporation with its principal offices at 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223; its registered agent for service of

process is Michael T. Crowley, Jr., 4949 West Brown Deer Road, Brown Deer, Wisconsin 53223. Bank Mutual's common stock is traded on the NasdasGS under the ticker symbol "BKMU."

10. Defendant Michael T. Crowley, Jr. ("Crowley") served as Chairman of the Board and a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

11. Defendant David C. Boerke ("Boerke") served as a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

12. Defendant Richard A. Brown ("Brown") served as a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

13. Defendant Thomas H. Buestrin ("Buestrin") served as a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

14. Defendant Mark C. Herr ("Herr") served as a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

15. Defendant Lisa A. Mauer ("Mauer") served as a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

16. Defendant William J. Mielke ("Mielke") served as a director of the Company as

of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

17. Defendant Robert B. Olson ("Olson") served as a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

18. Defendant Michael I. Shafir ("Shafir") served as a director of the Company as of March 6, 2017 according to the Form 10-K filed by the Company with the SEC on March 6, 2017; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

19. Defendant David A. Baumgarten ("Baumgarten") is President and Chief Executive Officer ("CEO") of Bank Mutual; his address is 4949 West Brown Deer Road, Milwaukee, Wisconsin 53223.

20. Defendant Associated Banc-Corp is a Wisconsin corporation with its principal offices at 433 Main Street, Green Bay, Wisconsin 54301; its registered agent for service of process is CT Corporation System 301 S. Bedford Street, Suite 1, Madison, Wisconsin 53703.

21. The defendants identified in paragraphs 10 through 19 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Bank Mutual (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of July

4

20, 2017, there were approximately 45,932,253 shares of Bank Mutual common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others: (i) whether defendants have violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

29. Bank Mutual is the third largest financial institution holding company headquartered in Wisconsin based on total assets.

30. The Company's subsidiary bank operates banking locations in Wisconsin and Minnesota.

31. On July 20, 2017, the Company issued a press release wherein it reported its second quarter 2017 financial results. The Company reported net income of $4.2 million in the second quarter of 2017 compared to $3.9 million in the same quarter of last year. Additionally, Bank Mutual's net interest income increased by $1.5 million, or 8.7%, and $2.4 million, or 6.9%, during the three- and six-month periods ended June 30, 2017, respectively, compared to the same periods in 2016. With respect to the financial results, Individual Defendant Baumgarten commented, "We are pleased with the continued improvement in our net interest income, which was led by a combination of loan growth and modest expansion of our net interest margin." Baumgarten added, "We are particularly gratified with the growth in our commercial and industrial loan portfolio, which has increased by 8.1% so far in 2017 and is up over 12% over the past twelve months."

32. Nevertheless, the very same day, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired by Associated.

33. The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to

6

submit or have submitted unsolicited alternative proposals.

34. Further, the Company must promptly advise Associated of any proposals or inquiries received from other parties.

35. Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Associated a "matching right" with respect to any "Superior Proposal" made to the Company.

36. Further locking up control of the Company in favor of Associated, the Merger Agreement provides for a "termination fee" of $17 million payable by the Company to Associated if the Individual Defendants cause the Company to terminate the Merger Agreement.

37. By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

38. Additionally, the Individual Defendants have entered into a voting and support agreement with Bank Mutual and Associated, pursuant to which they have agreed to vote their Company shares in favor of the Proposed Transaction. Accordingly, such shares are already locked up in favor of the merger.

39. The consideration to be provided to plaintiff and the Class in the Proposed Transaction is inadequate.

40. Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

41. The merger consideration also fails to adequately compensate the Company's stockholders for the synergies that will result from the merger.

42. Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

43. Meanwhile, at least certain of the Company's officers and directors stand to receive significant benefits as a result of the Proposed Transaction.

44. For example, Associated will retain Individual Defendant Baumgarten as a consultant following the close of the merger.

45. Moreover, Individual Defendant Crowley will be appointed to the board of directors of Associated.

46. Additionally, executive officer Terri M. Pfarr will retain her employment position until at least the end of 2018.

*The Registration Statement Omits Material Information, Rendering It False and Misleading*

47. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

48. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

49. First, the Registration Statement omits material information regarding Bank Mutual's financial projections, Associated's financial projections, and the analyses performed by the Company's financial advisor, RBC Capital Markets, LLC ("RBCCM").

50. For example, with respect to Bank Mutual's financial projections, while the Registration Statement provides Bank Mutual's estimated earnings per share ("EPS") and total assets for certain years, the Registration Statement fails to disclose: EPS and total assets for years 2020 through 2022; dividends; loans; total deposits; book value; total equity; return on

8

average assets; return on average equity; and cash flow and its constituent line items.

51. Similarly, with respect to Associated's financial projections, while the Registration Statement provides Associated's estimated EPS and total assets for certain years, the Registration Statement fails to disclose: EPS and total assets for years 2019 through 2022; dividends; loans; total deposits; book value; total equity; return on average assets; return on average equity; and cash flow and its constituent line items.

52. With respect to RBCCM's Dividend Discount Analysis of Bank Mutual, the Registration Statement fails to disclose: (i) the after-tax free cash flows of Bank Mutual used by RBCCM in the analysis and the constituent line items; (ii) the terminal value of the Company; and (iii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 13.0%.

53. With respect to RBCCM's Dividend Discount Analysis of Associated, the Registration Statement fails to disclose: (i) the after-tax free cash flows of Associated used by RBCCM in the analysis and the constituent line items; (ii) the terminal value of Associated; and (iii) the inputs and assumptions underlying the discount rates ranging from 10.0% to 13.0%.

54. With respect to RBCCM's selected companies analyses, the Registration Statement fails to disclose the individual multiples and financial metrics for the companies observed by RBCCM in the analyses.

55. With respect to RBCCM's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for the transactions observed by RBCCM in the analysis.

56. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial

9

advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

57. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "Bank Mutual's Reasons for the Merger; Recommendation of the Bank Mutual Board of Directors"; (iii) "Opinion of Bank Mutual's Financial Advisor"; and (iv) "Certain Associated and Bank Mutual Unaudited Prospective Financial Information."

58. Second, the Registration Statement omits material information with respect to potential conflicts of interest of RBCCM.

59. For example, the Registration Statement fails to disclose RBCCM's specific basis for "anticipat[ing] that it may be selected by Associated to provide investment banking and financial advisory and/or financing services that may be required by Associated in the future."

60. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

61. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "Bank Mutual's Reasons for the Merger; Recommendation of the Bank Mutual Board of Directors"; and (iii) "Opinion of Bank Mutual's Financial Advisor."

62. Third, the Registration Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

63. Specifically, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of Bank Mutual's officers and directors, including who participated in all such communications.

64. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

65. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; (ii) "Bank Mutual's Reasons for the Merger; Recommendation of the Bank Mutual Board of Directors"; (iii) "Post-Merger Arrangements with Certain Executive Officers"; and (iv) "Board Seats."

66. Fourth, the Registration Statement fails to disclose whether any nondisclosure agreements executed by Bank Mutual and prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the Company.

67. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

68. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger"; and (ii) "Bank Mutual's Reasons for the Merger; Recommendation

11

of the Bank Mutual Board of Directors."

69. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Bank Mutual's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Bank Mutual

70. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

71. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Bank Mutual is liable as the issuer of these statements.

72. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

73. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

74. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

75. The Registration Statement is an essential link in causing plaintiff and the

12

Company's stockholders to approve the Proposed Transaction.

76. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

77. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Associated

78. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

79. The Individual Defendants and Associated acted as controlling persons of Bank Mutual within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Bank Mutual and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

80. Each of the Individual Defendants and Associated was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

81. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous

13

recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

82. Associated also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

83. By virtue of the foregoing, the Individual Defendants and Associated violated Section 20(a) of the 1934 Act.

84. As set forth above, the Individual Defendants and Associated had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as

14

well as Rule 14a-9 promulgated thereunder;

  E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

  F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 6, 2017    **CABANISS LAW**

            By: s/John C. Cabaniss

**OF COUNSEL:**       John Cabaniss
            839 N Jefferson St
**RIGRODSKY & LONG, P.A.**   Suite 400
Brian D. Long        Milwaukee, WI 53202
Gina M. Serra        (414) 220-9211
2 Righter Parkway, Suite 120
Wilmington, DE 19803     *Attorneys for Plaintiff*
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

15

Case 2:17-cv-01209-JPS Filed 09/06/17 Page 15 of 15 Document 1